UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> KARL BAUMGARTNER, et al., <br><br> Defendants. | Case No. 1:24-cv-00279-DCN <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kent Williams's Complaint because he is an inmate and a pauper. Dkts. 3, 1, 9. The Court now reviews the Complaint to determine whether it should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, the Court enters the following Order striking the Complaint and requiring Plaintiff to file an amended complaint if he intends to proceed.

### REVIEW OF COMPLAINT AND OTHER FILINGS

1. **Non-Compliance Issues**

Plaintiff has filed a 48-page Complaint in this action. Dkt. 3. Plaintiff is aware that a prisoner complaint must not exceed 20 pages, pursuant to General Order 342. Plaintiff's history shows that, in Case No. 1:18-cv-00343-DCN, *Williams v. Stewart, et al.* ("Case 343"), Plaintiff filed an original Complaint that exceeded the 20-page limit, as well as a 31-page Amended Complaint, and a 43-page Amended Complaint, despite the Court's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

warning that Plaintiff must comply with General Order 342. Because of noncompliance, the Court dismissed Case 343 with prejudice for failure to comply with a Court order. *See* Dkt. 21 in Case 343. Plaintiff appealed, and the United States Court of Appeal for the Ninth Circuit held that the Court did not abuse its discretion in dismissing Plaintiff's case for failing to comply with the page limit requirements of General Order 342. *See* Dkt. 29 in Case 343.

Plaintiff is a frequent litigator and has been instructed about the standards of law for the claims he desires to bring in many of his cases, and the Court will not repeat those instructions here. He is ordered to review the screening orders in his other cases to determine the elements of the claims he attempts to bring again, and to prepare a 20-page amended complaint. If he needs to separate his claims into two complaints, he may do so (with one complaint being devoted to access-to-courts issues and one to all other issues), but he is prohibited from filing more than two new complaints in this action (one of which will be severed into another action), to avoid the burdensome situation that occurred in Case No. 1:22-cv-00052-DCN ("Case 52"), where he separated his claims into 33 amended complaints spanning 579 pages. *See* Case 52, Dkt. 93 at 3.

2. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity, officer, or employee to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

§§ 1915(e)(2)(B) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 3. Background

Plaintiff is a frequent litigator in the federal court. Plaintiff's claims here are similar to those he brought in Case No. 1:22-cv-00346-BLW, *Williams v. Campbell*, et al. ("Case 346"), Dkt. 3 at 3. In Case 346, he asserted that, after he told an initial staff member that he was not suicidal, verbally and in writing, he had the right to refuse to answer this same question posed by subsequent staff members. He has been in and out of suicide watch for this or similar situations placing prison officials in dilemmas regarding whether Plaintiff is or is not suicidal, or whether he is endangering himself by his own choices, including by engaging in hunger strikes.

In these instances, after prison officials place Plaintiff in a suicide watch cell, they inform him that he will be released once he desires to reasonably communicate that he does not have suicide ideation and is cleared by mental health professionals. Instead of cooperating (knowing that adequate communication is the key to his release from the harsh conditions), Plaintiff chooses to remain mum and stay on suicide watch. He then files a lawsuit asserting that he should be entitled to more rights and privileges than are afforded on suicide watch, and that prison officials have violated various civil rights by limiting

items that could be dangerous to him and imposing other restrictions temporarily affecting his civil rights.

In this particular lawsuit, on February 28, 2024, Plaintiff told a correctional officer that he was thinking about committing suicide, but asked the officer to keep the information "confidential." Dkt. 3. The correctional officer correctly reported the statement to supervisors, and Plaintiff was placed in a suicide watch cell on non-acute watch. Dkt. 3 at 5. Plaintiff refused to speak to clinical staff between February 28, 2024, and April 10, 2024, due to "years of abuse and their practice of telling other inmates [his] personal health business." *Id*. at 5. These vague allegations should be supported with facts, state actor names, and dates in his amended complaint.

Plaintiff asserts that his placement in suicide watch was motivated by Defendants' retaliation for having filed Case 346, even though, he also asserts that it was his own "confidential" report of suicide ideation to a correctional officer that caused his placement in suicide watch. These seemingly contradictory reasons for his placement or retention on suicide watch should be addressed in an amended complaint.

4. **Preliminary Injunction Request**

Plaintiff requests a preliminary injunction preventing Defendants from retaliating against him for exercising his protected rights, suspending his court access, and subjecting him to cruel and unusual punishment. He also requests an order requiring Defendants to treat him for his serious mental health condition.

Issuance of a preliminary injunction is appropriate where a plaintiff can show that (1) there are "serious questions going to the merits," (2) there is a "a balance of hardships

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has submitted a memorandum in support of his request for emergency preliminary injunctive relief. Dkt. 6. It focuses on conditions of confinement in the suicide watch unit. It is unclear whether Plaintiff is still housed in a suicide unit. If he is not, his preliminary injunction request will be moot.

Plaintiff will be given leave to re-file his motion. The motion must be no more than 15 pages. Plaintiff must clearly state where he is currently housed, and, if it is restrictive housing, the conditions of his confinement that would support a preliminary injunction. If he is no longer housed in a suicide unit, he should not include suicide watch conditions of confinement in his motion.

Prior to the filing of any request for preliminary injunctive relief for failure to treat him for his serious mental health conditions, Plaintiff must request a copy of his mental health records for the past 90 days and provide those with his re-filed motion. His memorandum must show how the records demonstrate a present failure to provide mental health care.

Because the motion is devoid of supporting facts that would show preliminary injunctive relief is appropriate, it will be denied without prejudice.

5. **Plaintiff's Motion to Level the Litigation Playing Field and/or Injunction Motion**

Plaintiff again raises the issue that he refuses to use the prison's designated access-

to-courts institutional mailing and e-filing services, and requests that the Court intervene to provide him with special services. (Dkt. 7.) This issue has been addressed before by this Court and by several other federal court judges, who have all agreed that Plaintiff has not provided sufficient facts to support an exception to the standard policy.

In addition, Plaintiff has been ordered not to raise this issue again, except in Case 52, where Plaintiff brought it as a substantive claim. *See* Case 52, Dkt. 93 at 9-15. He has been notified that he can appeal this issue upon entry of a final judgment in that case. *See id*. at 3-5. This motion will be denied. Plaintiff is again warned that he must not continue to attempt to litigate this issue in this cause of action. Persistent attempts to raise this issue may result in sanctions, up to and including dismissal of this case, because repeatedly litigating an issue is a waste of public resources and prevent the Court from addressing the merits of the claims at issue.

### 6. Request for Appointment of Counsel

Plaintiff requests appointment of pro bono counsel. Dkt. 5. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether to appoint counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

To date, Plaintiff has articulated his claims sufficiently in this action; his refusal to follow court rules and orders does not play into the formula for whether he qualifies for appointment of counsel. All prisoners have access to limited legal resources because of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

their incarceration. Plaintiff's primary task is to bring forward *facts* supporting the claims.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if Plaintiff is permitted to proceed. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should attempt to find his own counsel on a contingency or other basis.

Accordingly, Plaintiff's request for appointment of counsel will be denied without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 3) is STRICKEN for noncompliance with General Order 342.

2. Plaintiff must file an amended complaint that complies with General Order 342 and this Order within **30 days** after entry of this Order. Because Plaintiff already has had one case dismissed for this same reason, failure to file a proper complaint within **30 days** after entry of this Order will result in dismissal of this case with

prejudice without further notice, according to Federal Rule of Civil Procedure 41(b).

3. Plaintiff may file one amended complaint of less than 20 pages, or up to two amended complaints (separating his claims by stating access-to-courts claims in one complaint and all other claims in a second complaint) of 20 pages each, but no more than two amended complaints of 20 pages each (one of which will be severed into a new case).

4. Plaintiff's Motion for Preliminary Injunction (Dkt. 4) is DENIED without prejudice. If Plaintiff desires to pursue injunctive relief regarding failure to provide mental health care, he must obtain a copy of his most recent mental health records (the past 90 days), submit them to the Court with any renewed motion, and explain why the records support his position.

5. Plaintiff's amended complaints may address past alleged constitutional violations, but a motion for preliminary injunction relief must address current and ongoing violations.

6. Prison officials are ordered to cooperate to provide Plaintiff with a copy of his most recent mental health records (the past 90 days) so that Plaintiff can submit them to the Court. The records may be submitted as a sealed filing. A courtesy copy of this Order shall be emailed to Idaho Deputy Attorneys General Mary Karen Magnelli and Franziska Mueller at their registered ECF addresses.

7. Plaintiff's Motion to Appoint Counsel (Dkt. 5) is DENIED without prejudice.

8. Plaintiff's Motion to Level the Litigation Playing Field and/or Injunction Motion (Dkt. 7) is DENIED. The subject of this motion is being litigated in another of Plaintiff's cases and must not be raised in this case again.

DATED: March 31, 2025

David C. Nye
Chief U.S. District Court Judge